IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            :
                             :
    v.                       :        I.D. No. 1705019765
                             :
CLEVELAND SCOTT              :

Submitted: February 7, 2018
Decided: February 12, 2018

On Defendant's Motion for New Trial
**GRANTED**

## <u>ORDER</u>

Following a bench trial, the Count found Defendant Guilty of Driving Under the Influence and Resisting Arrest. Because the Driving Under the Influence was for a third offense, requiring mandatory incarceration, Defendant's bail was revoked. This matter involves some urgency because Defendant remains incarcerated pending sentencing.

The case primarily turned on witness credibility. It was not disputed that Defendant was intoxicated. However, Defendant testified that he was not under the influence of alcohol at the time he operated the vehicle. Defendant stated that he was driving the car at the time of the accident. Subsequently, he returned to his

home, began drinking, and then returned to the scene of the accident. Defendant denied that he occupied the vehicle upon his return.

The arresting officer did not observe Defendant in the vehicle. Defendant was placed behind the wheel of the car by a single witness - a tow truck driver called to the scene. The driver testified that Defendant was in the car with the motor running, and appeared intoxicated.

Prior to trial (and unknown to the Court), Defendant requested *Brady* material and any criminal record of prosecution witnesses. The State's response did not include the name of the tow truck driver. The State initially did not believe the tow truck driver had any useful information. Defendant informed the State that the witness had exculpatory information because the police report indicated that the witness had not seen Defendant driving a vehicle. The State agreed to call the witness at trial.

On the morning of trial, the State informed Defense Counsel that the witness had a criminal record, and that the State would provide a copy of the record when the witness testified. Although the State then printed a copy of the tow truck driver's record, the State has informed the Court that the Deputy forgot to inform Defense Counsel of the witness' prior convictions - two crimes of dishonesty. Defense Counsel did not request the criminal record until after the Court had found Defendant guilty.

This Motion for New Trial is based on a *Brady* violation.[1] The State concedes that Defense Counsel should have been provided with the witness' criminal record, but argues that a new trial is not warranted because Defense Counsel were aware of the existence of the record and did not raise the issue with the Court prior to the verdict.

"When a defendant is confronted with delayed disclosure of *Brady* material, reversal will be granted only if the defendant was denied the opportunity to use the material effectively."[2] A new trial will be granted if the information was material to the determination of guilt and failure to provide the evidence undermined confidence in the outcome of the trial.[3]

At the close of the bench trial, the Court enumerated the reasons for finding Defendant guilty beyond a reasonable doubt. There were several reasons for questioning Defendant's credibility. The Court weighed the tow truck driver's testimony, found him credible, and determined that Defendant was operating the vehicle while he was under the influence.

The Court now holds that the witness' criminal record, involving two crimes of dishonesty, would have undermined the Court's confidence in the outcome of

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] *White v. State*, 816 A.2d 776, 778 (Del. 2003).

[3] *Atkinson v. State*, 778 A.2d 1058, 1063 (Del. 2001).

the trial. The State's failure to provide the criminal record before the witness was excused denied Defendant the opportunity to use the material effectively. The Court notes that there is no indication that the State's failure was intentional.

THEREFORE, Defendant's Motion for New Trial is hereby **GRANTED. DEFENDANT'S BAIL IS HEREBY REIMPOSED. DEFENDANT SHALL BE RELEASED FROM CUSTODY FORTHWITH UPON PAYMENT OF BAIL.**

IT IS SO ORDERED.

_____
**Mary M. Johnston, Judge**

Original to Prothonotary